UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARNEST GATHING, JR.,

    Plaintiff,                          Hon. Hala Y. Jarbou

v.                                       Case No. 1:25-cv-994

CHARTER TOWNSHIP OF
KALAMAZOO, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Earnest Gathing, Jr. filed this action in the Kalamazoo County Circuit Court on August 4, 2025, naming the Charter Township of Kalamazoo employees and 47 individuals as Defendants. (ECF No. 1-1.) Defendants removed the case to this Court on August 22, 2025, pursuant to 28 U.S.C. § 1441, citing the Court's federal question jurisdiction as the basis for removal. Specifically, Defendants noted the complaint's citation of 42 U.S.C. §§ 1983 and 1985, as well as its mention of "constitutional concerns under the umbrella of the Constitution," as supporting removal jurisdiction. (ECF No. 1 at PageID.3 (citing ECF No. 1-1 at PageID.15).)

Presently before me is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 5) and Gathing's Motion for Summary Judgment (ECF No. 11), which are fully briefed and ready for decision.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **GRANTED** and that Gathing's motion be **DENIED**.

---

[1] Gathing filed an unauthorized sur-reply to Defendants' motion to dismiss (ECF No. 12), which I have not considered.

## I. Background

### A. 2024 Case

On December 18, 2024, Gathing initiated an action in this Court captioned *Earnest Gathing, Jr. v. Kalamazoo Department of Public Safety, et al.*, No. 1:24-cv-1330 (2024 Case). Using the Court's form complaint for a civil case, Gathing named Cpt. Christopher Franks, Officer Dajanick Barlow, Officer David Kubacki, Sgt. Timothy Millard, Inspector Charles Mason, and Internal Affairs Officer Victor Brown as Defendants. 2024 Case, ECF No. 1 at PageID.1–3. For his statement of his claim, Gathing simply directed the Court to review over 300 pages of unexplained documents that he attached to his complaint. *Id.* at PageID.5.

On December 20, 2024, I issued a Report and Recommendation (R&R) recommending that the Court dismiss the action for lack of subject matter jurisdiction because the complaint cited federal criminal statutes that provide no private right of action, and more importantly, the complaint contained no factual allegations. *Id.*, ECF No. 5. On January 28, 2025, the Court overruled Gathing's objections, adopted the R&R, and entered judgment. *Id.*, ECF Nos. 9 and 10. Subsequently, Gathing filed motions for reconsideration and for relief from judgment. *Id.*, ECF Nos. 11 and 12. On April 4, 2025, the Court denied these motions, advising Gathing that the "dismissal of this case does not prevent Plaintiff from filing a proper complaint in a new case that adequately identifies the defendants, the claims Plaintiff has against them, and the allegations of fact supporting those claims." *Id.*, ECF No. 13 at PageId.371. Gathing filed several additional post-judgment motions which were either denied or rejected. *Id.*, ECF Nos. 14–21.

### B. Present Action

Gathing filed the present action in the Kalamazoo County Circuit Court on August 4, 2025, naming Defendants Frank, Barlow, Kubacki, Millard, and Mason from the 2024 Case and adding

2

42 new individual defendants. (ECF No. 1-1.) As noted, Defendants timely removed the action to this Court on August 22, 2025. (ECF No. 1.) In their present motion, Defendants note that their counsel represents all Defendants except Christian Smith and Mathew Hart. (ECF No. 5 at PageID.341.) It appears that Smith was a former City of Kalamazoo employee who is deceased and for whom no estate has been opened. (ECF No. 5 at PageID.341 n.1.) On September 10, 2025, Defendants filed a Notice of Death for Smith pursuant to Federal Rule of Civil Procedure 25(a)(1) and (2) stating upon information and belief that Smith passed away on October 8, 2022, and no estate was opened on his behalf. (ECF No. 6.) No party has made a timely motion as to the Notice of Death for Smith. Fed R. Civ. P. 25(a)(1). As for Defendant Hart, it appears that he was not properly served.

Gathing's present complaint is an improvement from his complaint in the 2024 Case. In contrast to his previous complaint, it describes a series of incidents, most of which are unrelated, between Gathing and City of Kalamazoo police officers or employees. Gathing includes allegations that he believes show violations of his constitutional rights. Some of these incidents concerned acts that occurred well outside of the three-year statute of limitations for Section 1983 and 1985 claims. (ECF No. 1-1 at PageID.8–9.) As support for his claims, Gathing cites documents he attached to his complaint in the 2024 Case. However, similar to the 2024 Case, Gathing's instant complaint fails to identify any Defendant he claims violated his rights in connection with each incident. Moreover, the described incidents are not limited to Gathing; he includes incidents involving his son, Isiah, who is not a party to this action. (*Id.* at PageID.9–13.)

## II.     Motion Standards

Defendants move for dismissal pursuant to Rule 12(b)(1) for lack of jurisdiction and pursuant Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Where jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A motion to dismiss under Rule 12(b)(1) for lack of jurisdiction may come in the form of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). A facial attack "questions merely the sufficiency of the pleading." *Id.* at 376.

> "[W]hen reviewing a facial attack, a district court takes the allegations in the complaint as true . . . . If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Id.* (internal citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, Defendants' motion presents a facial attack on jurisdiction.

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to the plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2010).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint

4

simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

In deciding a motion to dismiss, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.     Discussion

#### A.     Motion to Dismiss

Defendants first contend that the complaint is subject to dismissal for lack of subject matter jurisdiction. In my R&R in the 2024 Case, I recommended that the complaint be dismissed for lack of subject matter pursuant to the standard set forth in *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), which provides that a district court may dismiss an action "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479–80. The complaint in the 2024 Case unquestionably met this standard, as it lacked any factual allegations at all, rendering them unsubstantial. 2024 Case, ECF No. 5 at PageID.342.

Defendants contend that Gathing's present complaint is also subject to dismissal because, while it provides *some* level of detail pertaining to the intended claims, it still references a series

5

of contacts with unidentified police and municipal employees that requires the Court to "conjure allegations on [Gathing's] behalf[.]" (ECF No. 5 at PageID.346.)

I find this argument persuasive. Although the issue is not as clear cut as the it was in the 2024 Case, Gathing's allegations are still unsubstantial as he has completely failed to allege that any named Defendant is liable for the alleged violations or explain why any Defendant is liable. In fact, as to several of the incidents, Gathing completely fails to allege why his rights were violated. Moreover, the complaint is both devoid of merit and frivolous under *Apple* to the extent Gathing purports to assert constitutional violations of Isiah Gathing's rights because Gathing lacks standing to assert a violation of his son's constitutional rights. *See Barber v. Overton*, 496 F.3d 449, 458 (6th Cir. 2007) (explaining that a person lacks standing to assert a violation of another person's rights, "no matter how interrelated the harms suffered"); *Darling v. Lake Cnty. Bd. of Comm'rs*, No. 1:12 CV 194, 2012 WL 1902602, at *15 (N.D. Ohio May 25, 2012) (stating that the plaintiffs lacked "standing to assert violations of another's constitutional rights, even if the injured individual is a family member") (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)); *Divergilio v. Skiba*, 919 F. Supp. 265, 269 (E.D. Mich. 1996) (holding that "plaintiff parents lack standing to bring a § 1983 claim for deprivation of their children's constitutional rights"). Gathing's present complaint is subject to dismissal under *Apple* because it is neither the Court's prerogative nor obligation to choose which Defendants allegedly violated Gathing's rights. Thus, I recommend that the complaint be dismissed as to all Defendants in this action.

Apart from lack of jurisdiction, Gathing's present complaint is subject to dismissal for failure to state a claim. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit

"has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Here, Gathing fails to connect any Defendant to specific conduct alleged in the complaint. Thus, Gathing's claims against all Defendants fall short of the minimal pleading standards under Rule 8(a) of the Federal Rules of Civil Procedure.

The complaint also fails to state a claim to the extent it asserts a conspiracy under 42 U.S.C. § 1985(3). To maintain a cause of action for conspiracy under Section 1985(3), a plaintiff must establish the following elements: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. S*mith v.*

*Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)). In addition, the plaintiff must demonstrate that the conspiracy was motivated by a class-based animus, such as race. *Johnson*, 40 F.3d at 839. Gathing fails to state a Section 1985(3) conspiracy claim because the complaint lacks any allegation of fact demonstrating that any Defendant was motivated by class-based animus. *See Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) ("To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it."). He simply omits this element. Moreover, there is no factual allegation supporting that Defendants made an agreement or a plan to engage in illegal, discriminatory conduct. *See Saunders v. Ghee*, No. 94-4073, 1995 WL 101289, at *1 (6th Cir. Mar. 9, 1995) ("Even under the most liberal construction, Saunders's complaint under § 1985(3) merely alleges broad, conclusory language without the factual allegations necessary to support a conspiracy theory."); *O'Hara v. Mattix*, 255 F. Supp. 540, 542 (W.D. Mich. 1966) ("The courts will not accept mere allegations of conspiracy; there must be some showing of facts to support the conspiracy."). In short, Gathing merely alleges a series of independent acts by different individuals over a number of years that do not amount to a conspiracy.

      **B.**     **Motion for Summary Judgment**

Gathing moves for summary judgment, requesting that the Court incorporate the evidentiary record from the 2024 Case. Gathing argues that he is entitled to summary judgment because Defendants have failed to answer the complaint and therefore have defaulted under Rule 8(b)(6), which provides that an allegation in a complaint "is admitted if a responsive pleading is required and the allegation is not denied." (ECF No. 11 at PageID.418.)

Contrary to Gathing's argument, Defendants have not failed to answer the complaint timely. Rule 12(a)(1)(A)(i) requires a defendant to serve an answer "within 21 days of being served with the summons and complaint," but Rule 12(a)(4) alters this time when a defendant files a motion under Rule 12, as Defendants have done here. "[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]" Fed. R. Civ. P. 12(a)(4)(A). Because Defendants' motion has not been denied or postponed, and Defendants filed a timely motion, *see* Fed. R. Civ. P. 81(c)(2) (Defendants filed a timely motion to dismiss seven days after they filed their notice or removal), no answer was due. Therefore, Defendants did not admit the complaint's allegations by failing to answer them.

Gathing's motion is also meritless because, as set forth above, he fails to state a plausible claim against any Defendant under Rule 8(a). Claims that are subject to dismissal for lack of jurisdiction or failure to state a claim are not ripe for summary judgment by the party asserting them. Accordingly, I recommend that Gathing's motion for summary judgment be denied.

**C.     Amendment**

In his response to Defendants' motion to amend, Gathing requests leave to amend to add his son Isiah as a party and allow Gathing to represent him as his guardian. (ECF No. 7 at PageID.383.) This request must be rejected because Gathing, a non-lawyer, may not represent his son in this action, even if he has been appointed Isiah's guardian. *See Cheung v. Youth Orchestra Found., Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (lay parent or guardian cannot file pro se complaint on behalf of minor or ward, who must be represented by attorney); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); *Clayton v. Kroopnick*, No. 2:22-cv-12156, 2023 WL 5423623, at *5 (E.D. Mich. June

9

23, 2023) (non-attorney guardian could not represent a minor child in action under the Individuals with Disabilities Education Act without an attorney); *Dalmayer v. Michigan*, No. 08-12784, 2009 WL 224586, at *1 (E.D. Mich Jan. 29, 2009) ("[A] pro se litigant may only represent one's own legal interest, and a parent or guardian may not advance the child's legal interest without the assistance of counsel.") (citing *Shepherd*, 313 F.3d at 970–71).

### C. Defendant Christian Smith

As set forth above, I recommend that the action be dismissed as to all Defendants. In the event the Court does not adopt this recommendation, or in addition to such recommendation, I recommend that the Court dismiss Christian Smith from this action pursuant to Federal Rule of Civil Procedure 25(a)(1).

### IV. Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' motion to dismiss (ECF No. 5), **deny** Gathing's motion for summary judgment (ECF No. 11), and deny Gathing's request to amend his complaint to allow him to act pro se in a representative capacity to bring claims on behalf of his son. Therefore, I recommend that the action be dismissed as to all Defendants and that, in any event, that Defendant Christian Smith be dismissed pursuant to Rule 25(a)(1).

Dated: December 19, 2025                               /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).