UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARNEST GATHING, Jr.,

    Plaintiff,

v.

                                     Case No. 1:25-cv-994

KALAMAZOO CHARTER TOWNSHIP,
et al.,
                                     Hon. Hala Y. Jarbou

    Defendants.
_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

Before the Court is the report and recommendation of the magistrate judge that Defendants' motion to dismiss Earnest Gathing's civil-rights action against them be granted and that Gathing's motion for summary judgment be denied. (R&R, ECF No. 18.) Gathing timely objected to the R&R (Objs., ECF No. 19) and simultaneously moved for leave to file an amended complaint (*id.* at PageID.541). The proposed amendment was attached to the objections. (*See* ECF No. 20-1.) Yet the magistrate judge rejected the pleading because it was not appended to a motion. (ECF No. 20.) Under Federal Rule of Civil Procedure 72,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court will adopt the R&R in full, but it will vacate the order rejecting Gathing's proposed amended complaint and direct the magistrate judge to assess whether granting Gathing leave to amend would be futile.

I.     ANALYSIS

A.     **Motion to Dismiss**

Federal Rule of Civil Procedure 15(a)(2) calls for leave to amend a pleading to be freely granted when the court's leave is required. Although the Sixth Circuit has characterized circuit practice as manifesting "liberality in allowing amendments to a complaint," *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015)), the court of appeals has blessed denial of leave to amend when not accompanied by a formal motion or proposed amendment. *See Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 387 (6th Cir. 2017).

Here, however, Gathing did move to amend his complaint, albeit in a motion embedded in his objections to the R&R. That motion, in conjunction with the proposed amended complaint, sets out a valid request for the Court's leave. Accordingly, Gathing's suit should not be dismissed unless it is clear that the amended complaint would not survive a renewed Rule 12(b)(6) motion. *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 617 (6th Cir. 2024). The primary reason given by the magistrate judge for dismissing Gathing's case is his failure to tie the unconstitutional conduct alleged in the complaint to particular Defendants. The proposed amendment appears to remedy this deficiency, with most "incidents" Gathing mentions also mentioning the Defendant or Defendants whom Gathing accuses of being involved. (*See* Proposed Am. Compl., ECF No. 20-1, PageID.546–547.) And while the Court is skeptical that most—if any—of Gathing's alleged violations state a valid claim for relief, the Court is hesitant to dismiss Gathing's lawsuit in its entirety without an assessment of his proposed amended complaint. Accordingly, the Court will adopt the recommendation that Defendants' motion to dismiss be granted, but the Court will refer the motion for leave to amend to the magistrate judge to assess in the first instance whether granting Gathing leave would be futile.

### B.     Other Recommendations

The Court agrees with the R&R in all other respects.  Gathing's objections do not meaningfully respond to the magistrate judge's findings that Gathing is not entitled to summary judgment because Defendants timely moved to dismiss under Rule 12, and that Gathing cannot act as next friend for his son I.G. as a pro se plaintiff.  (Objs., PageID.539–541.)  And Gathing concedes that Defendant Christian Smith is no longer a proper party to this suit following his death.  (Proposed Am. Compl., PageID.547.)  The Court will therefore adopt the magistrate judge's recommendations on those issues.

**IT IS ORDERED** that the R&R (ECF No. 18) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Gathing's motion for summary judgment (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Gathing's proposed amendment adding I.G. as a plaintiff (*see* ECF No. 16 at 1) is **DENIED**.

**IT IS FURTHER ORDERED** that deceased Defendant Christian Smith (*see* ECF No. 6) is **DROPPED** from this action.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 5) is **GRANTED**.  The dismissal of Gathing's complaint **DOES NOT** terminate this action.

**IT IS FURTHER ORDERED** that the magistrate judge's order rejecting Gathing's proposed amended complaint (ECF No. 20) is **VACATED**.  His motion for leave to amend (Objs., PageID.541) is **REFERRED** to the magistrate judge for further proceedings.

Dated: January 6, 2026            /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE