UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARNEST GATHING, JR.,

       Plaintiff,

                                         Case No. 1:25-cv-994

v.

                                         Hon. Hala Y. Jarbou

CHRISTOPHER FRANK, et al.,

       Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Earnest Gathing sues Christopher Frank and numerous other employees of the City of Kalamazoo for allegedly violating his civil rights and those of his son Isaiah during run-ins with the police.  In a prior order, this Court adopted a report and recommendation that Defendants' motion to dismiss be granted and requested that the magistrate judge evaluate whether Gathing should be permitted to amend his complaint.  (ECF No. 21.)  Before the Court is the magistrate judge's report and recommendation that leave be denied, Gathing's pending motion for return of his property rejected, and this action dismissed.  (R&R, ECF No. 34.)

Under Federal Rule of Civil Procedure 72,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  Because Gathing's objections to the proposed disposition are unpersuasive, the Court will adopt the R&R in full, deny all of Gathing's pending motions, and dismiss this suit.

**A.      Gathing's Objections to the R&R**

At the outset, the Court notes that Gathing's objections do not attempt to rebut the R&R's finding of factual insufficiency with respect to several of the claims alleged in the proposed amended complaint.  His initial objections "voluntarily withdraw[]" several of the claims the R&R found deficient, namely those arising from Incident A, E, and F.  (Pl.'s 1st Objs. 1, ECF No. 36.)  The Court will therefore not consider those claims further, notwithstanding Gathing's apparent attempt to retract his concession in his second set of objections.  (*See* Pl.'s 2d Objs. 3, ECF No. 41.)  To the extent he objects to the recommended dismissal of claims relating to Incident E on statute-of-limitations grounds (Pl.'s 3d Objs. 7–8, ECF No. 45), the Court finds the recommendation justified: the magistrate judge was entitled to base her recommendation on the dates listed in Gathing's proposed amended complaint (*see* Proposed Am. Compl., ECF No. 22, PageID.559), which unambiguously show that Gathing's claims are time-barred.

As to Incident B, the magistrate judge properly concluded that Gathing's warrantless seizure was lawful.  As the R&R notes, documents that Gathing himself cites—and which the Court may therefore properly consider when assessing whether to grant leave to amend[1]—establish that he was lawfully detained for attempting to enter a home that was being searched after a domestic-violence report.  (R&R 6–7.)  Gathing's allegations relating to the incident are cursory, limited to a bare denial that he was "interfering with officers."  (Pl.'s 1st Objs. 2.)  This denial is inadequate to permit the inference that the police were without grounds to prevent him from further *attempts* to ignore police orders.

---

[1] *See Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680–61 (6th Cir. 2011); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

The allegations concerning Incident D similarly fall short.  As narrowed in his objections, Gathing's claim is that Defendant Charles Mason unlawfully denied Gathing a license to purchase a firearm.  Gathing contends the denial constituted a violation of due process.  These allegations fail to state a claim because, as Gathing himself makes clear, Gathing's license application was subsequently approved by the county sheriff's office.  (Pl.'s 1st Objs. 3.)  De minimis deprivations of liberty interests do not state cognizable due-process claims.  *See Laney v. Farley*, 501 F.3d 577, 583–84 (6th Cir. 2007); *Krueger v. City of Eastpointe*, 452 F. Supp. 3d 679, 690 (E.D. Mich. 2020), *aff'd sub nom. Shandor v. City of Eastpointe*, No. 20-1385, 2021 WL 4775190 (6th Cir. Oct. 13, 2021).

The proposed modifications to the allegations about Incident C are a closer call.  Gathing's objections "clarify" that his claim concerns the supposedly unlawful entry of Defendant Dajanick Barlow onto Gathing's property at an indeterminate time prior to the issuance of the warrant referenced in his proposed amended complaint.  (Pl.'s 1st Objs. 3; *see* Proposed Am. Compl., PageID.558–559.)  But the allegations do not specify how Barlow's conduct constituted a search for which a warrant was required.  The warrant request attached to Gathing's complaint contains no reference to Barlow going onto Gathing's property to inspect the junk cars parked in the driveway of Gathing's home.  The vehicles were apparently clearly visible from outside Gathing's home, as indicated by the response to Gathing's complaint to the city's Office of Professional Standards.  (*See* ECF No. 1-1, PageID.131.)  The contention that Barlow entered the "curtilage" of Gathing's home states a legal conclusion the Court need not credit.  Absent factual allegations that Barlow searched an area in which Gathing had a reasonable expectation of privacy—as opposed to the "accessibl[e] and visibl[e]" driveway in which the junk cars appear to have been parked, *United States v. Smith*, 783 F.2d 648, 651 (6th Cir. 1986)—it cannot be inferred that

3

Barlow's conduct violated the Fourth Amendment. *See Cook v. Kata*, No. 4:14-cv-1283, 2015 WL 6964590, at *8–9 (N.D. Ohio Nov. 10, 2015) (finding no expectation of privacy in open area near road); *cf. Collins v. Virginia*, 584 U.S. 586, 593–94 (2018) (partially concealed portion of driveway within curtilage of home); *see also Alberts v. Perry*, No. 21-5151, 2021 WL 6503902, at *3 (6th Cir. Oct. 5, 2021) ("*Collins* held that the automobile exception does not allow for a warrantless search of a car parked within a home's curtilage, but it did not hold than all driveways are considered part of the curtilage."). Accordingly, all claims relating to Incidents A through F fail.

As to Gathing's putative *Monell* claim against the City of Kalamazoo, Gathing's objection amounts to little more than a reiteration of the skeletal allegations that the magistrate judge correctly deemed insufficient. Gathing points to no specific policy, practice, or custom of the city's that authorized the constitutional violations he was allegedly subjected to, nor can he point to a pattern of such violations that would permit him to hold the city liable for not training its officers. His *Monell* claims falls alongside his claims against the individual defendants.

Gathing also insists that the R&R erred in not considering claims alleged on behalf of Gathing's allegedly incompetent son, Isaiah. Courts in this circuit adhere to the view that a parent proceeding pro se may not sue on behalf of their minor child. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). The rationale underpinning this rule is the common-law principle that nonattorneys may not represent others in court, even when the nonattorney is entitled to pursue another's claims. See *Humphrey v. Maury Cnty. Bd. of Educ.*, No. 1:26-cv-37, 2026 WL 1182205, at *2–3 (M.D. Tenn. Apr. 30, 2026). This rationale extends to nonattorneys seeking to litigate on behalf of an incompetent in their care. Gathing identifies no authority that would justify a contrary conclusion. The R&R did not err in refusing to consider claims Gathing raises on behalf of his son.

4

Gathing acquiesces in the R&R's proposed denial of his motion under Federal Rule of Criminal Procedure 41(g) for the return of property confiscated by the Kalamazoo police.  (Pl.'s 1st Objs. 3.)  Although Gathing contends the seizure or retention of the property transgresses constitutional limitations, a notice Gathing himself added to the record indicates that the Kalamazoo Department of Public Safety appears willing to return Gathing's property upon request.  (ECF No. 33-1.)  Gathing cannot make out a constitutional claim without plausibly alleging that the department's offer is ineffective, and neither the original nor the proposed amended complaint contains any such allegation.  To the extent he seeks to recast his motion as a claim for relief, the attempt fails.

Finally, Gathing again requests leave to amend his complaint if the Court approves of the R&R.  (Pl.'s 1st Objs. 4.)  The analysis above justifies the conclusion that even the narrowed claims Gathing presents in his objections would not survive a motion to dismiss.  Because allowing Gathing to amend the complaint would be futile, the request is denied.  That disposes of Gathing's last concrete objection to the R&R.  The Court will not entertain the generic contentions accusing the magistrate judge of improperly resolving factual disputes and of not treating Gathing's pleadings with the liberality to which pro se litigants are entitled (Pl.'s 3d Objs. 10–13), as he points to no specific example of those errors in the R&R.  *Hawthorne v. Mich. Dep't of Corr.*, No. 1:25-cv-416, 2025 WL 3241593, at *1 (W.D. Mich. Nov. 20, 2025).  Gathing's objections are overruled in their entirety.

**B.      Outstanding Motions**

After the R&R was filed, Gathing moved for "an independent investigation" of the circumstances surrounding an auto accident in which his son was involved in 2023 (ECF No. 37) and for the appointment of a guardian ad litem to represent his son.  The first motion fails because this Court has no authority to independently investigate issues not presented to it in the form of a

case or controversy between adverse parties.  *See Walker v. Walker*, No. 1:23-cv-4, 2023 WL 2948782, at *3 (W.D. Mich. Jan. 19, 2023), *adopted*, 2023 WL 3000531 (W.D. Mich. Apr. 19, 2023).  The second does not succeed because Gathing cannot even file suit on his son's behalf as a nonattorney.  Any claims Isaiah Gathing has must be brought in a separate action, in which Isaiah either represents himself or is represented by a next friend who is or has an attorney.  The Court declines to appoint an attorney to assist Isaiah, who would be a plaintiff, in bringing his putative claims, as no "exceptional circumstances" justifying appointment have been established.  *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004).

*    *    *

**IT IS ORDERED** that the report and recommendation (ECF No. 34) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Earnest Gathing's objections to the R&R (ECF Nos. 36, 41, 45), are **OVERRULED**.

**IT IS FURTHER ORDERED** that Earnest Gathing's motions for leave to amend his complaint (ECF No. 19), for the return of his property (ECF No. 31), for an independent investigation (ECF No. 37), and for the appointment of an attorney or guardian ad litem (ECF No. 42) are **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of the court shall amend the case caption to omit the Charter Township of Kalamazoo as a defendant and list Christopher Frank as the first-named defendant.

A judgment consistent with this Order shall issue.

Dated: May 20, 2026                        /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           CHIEF UNITED STATES DISTRICT JUDGE